COMMONWEALTH vs. PATRICK SHEA.

In support of an indictment for maintaining a nuisance from a certain day " to the day of the finding of this indictment," a witness may be asked whether he knew of any such act from the first day named " to the day of the finding of this indictment."

A conviction of keeping a shop open on the Lord's day is no bar to an indictment for a nuisance in keeping the same shop at the same time for the illegal sale and keeping of intoxicating liquors.

The provision of St. 1855, c. 215, § 1, that " ale, porter, strong beer, lager beer, cider and all wines shall be considered intoxicating liquors, within the meaning of this act," applies to an indictment under St. 1855, c. 405, for a nuisance in keeping a tenement used for the unlawful sale of intoxicating liquors.

INDICTMENT on St. 1855, c. 405, for keeping a tenement used for the unlawful sale of intoxicating liquors from the 1st of July 1858 " to the day of the finding of this indictment." ·

At the trial in the superior court in Middlesex at June term 1859, Kelly, a witness for the Commonwealth, was asked " whether he knew anything of the sale of liquor from the time first mentioned to the finding of the indictment." The defendant objected that this time was uncertain, and that the question ought not to be put.    But the court admitted it.

The Commonwealth offered evidence that on a certain Sunday in August 1858 the defendant sold intoxicating liquors at the place alleged. It appeared that the defendant, upon the same evidence, had been tried and convicted for the offence of

keeping open his shop on the Lord's day, and had paid his fine upon that conviction. The defendant objected that he could not be convicted upon this evidence. But the court overruled the objection.

The Commonwealth also offered evidence of a sale, of cider in this tenement, by the wife of the defendant, in his presence. The defendant objected that this evidence was not competent to charge him upon this indictment. But the court admitted the evidence.

The defendant was found guilty and alleged exceptions.

*B. F. Butler*, for the defendant. 1. The question to Kelly was uncertain. Neither he nor any one but the grand jury could know when the indictment was found.

2. The defendant cannot be convicted and punished a second time for the same act of keeping open the same shop.

3. The evidence of a sale of cider was inadmissible, without proof that it was intoxicating. The provision of *St.* 1855, *c.* 215, § 1, that " cider," &c. " shall be considered intoxicating liquors, within the meaning of this act," does not extend to *St.* 1857, *c.* 405. See *Commonwealth* v. *Lahy*, 8 Gray, 459.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

METCALF, J. 1. We perceive no legal objection to the question which the court allowed to be put to Kelly. It has repeatedly been held that the day of the finding of an indictment is a time certain ; and if Kelly's answer had been made through ignorance or misapprehension of the time when the indictment was found, the defendant, by cross-examining him, might at once have avoided the effect of his answer.

2. The former conviction of the defendant was not a bar to this indictment, as it was for a different offence from that which this indictment charges. *Commonwealth* v. *Harrison*, 11 Gray,

3. The provision of *St.* 1855, *c.* 405, § 1, by which " all build-ings, places or tenements used for the illegal sale or keeping of intoxicating liquors are declared to be common nuisances, and are to be regarded and treated as such," is to be construed by reference to the *St.* of 1855, *c.* 215, *in pari materia*, to which it is necessary to refer in order to ascertain what intoxicating liquors

it is illegal to sell; and the first section of which declares that " ale, porter, strong beer, lager beer, cider and all wines, shall be considered intoxicating liquors within the meaning of this · act." Proof of sales of cider was therefore competent in support of this indictment. See *Rex* v. *Loxdale*, 1 Bur. 447; *Gale* v. *Laurie*, 7 D. & R. 721, & 5 B. & C. 163; *Church* v. *Crocker*, 3 Mass. 21; *Chase* v. *Keyes*, 2 Gray, 214; *State* v. *Garthwait*, 3 Zab. 143.                    *Exceptions overruled.*